UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXINE WEBB AKA MAXINE ROBERSON,<br><br>        Appellant,<br><br>    v.<br><br>SARA L. KISTLER, ACTING UNITED STATES TRUSTEE<br><br>        Appellee. | CIV-F-07-1028 AWI<br><br>BANKRUPTCY CASE NO. 07-10608-A-13<br><br>ADVERSARY CASE NO. 07-01067-A<br><br>ORDER RE: APPELLEE'S MOTION TO DISMISS THE APPEAL |

## I. History[1]

Appellant Maxine Webb filed a Chapter 13 bankruptcy on March 2, 2007. In the last eight years, Appellant has filed a total of five bankruptcies. On April 26, 2007, Appellee Trustee filed an adversary proceeding, seeking to dismiss Appellant's bankruptcy with prejudice and to enjoin Appellant from refiling for three years. Appellant filed a pleading on June 27, 2007, titled "Debtor's notice of non-receipt of summons and documents and motion to quash certificate of service." On July 3, 2007, the bankruptcy court clerk's office entered default in the adversary proceeding. On July 13, 2007, Appellant appealed the entry of default to the district court.

---

[1] The factual history is provided for background only and does not form the basis of the court's decision; the assertions contained therein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

1

On July 31, 2007, Appellee filed a request for an extension of time to comply with default judgment procedures in light of Appellant's appeal. Appellee's request was granted on August 1, 2007. On August 28, 2007, Appellant amended her appeal to include the granting of the extension of time.

## II. Legal Standards

"The district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees; (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and (3) with leave of the court, from other interlocutory orders and decrees." 28 U.S.C. §158(a). Title 11 U.S.C. §1121 is entitled "Who may file a plan" and sets out qualifications and time limits for submission of reorganization plans under Chapter 11.

"A motion for leave to appeal under 28 U.S.C. § 158(a) shall contain: (1) a statement of the facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of those questions and of the relief sought; (3) a statement of the reasons why an appeal should be granted; and (4) a copy of the judgment, order, or decree complained of and of any opinion or memorandum relating thereto" to be filed in bankruptcy court and thence transmitted to the clerk of the district court or bankruptcy appellate panel. Fed. F. Bankr. Proc. 8003. Though the rules do not set out any standard for determining when leave to appeal should be granted, the bankruptcy appellate panel looks to 28 U.S.C. §1292(b) and looks to "whether the order on appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion and whether an immediate appeal may materially advance the ultimate termination of the litigation. We also ask whether denying leave will result in wasted litigation and expense." <u>Roderick v. Levy</u>, 185 B.R. 601, 604 (B.A.P. 9th Cir. 1995), citations omitted. "If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court or bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed. The district court or the bankruptcy appellate panel may also deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal." Fed. R.

Bankr. Proc. 8003(c).

### III. Discussion

Webb appeals two bankruptcy orders: (1) the entry of default and (2) grant of Trustee's request for extension of the deadline to comply with default judgment procedures pending this appeal. As an initial matter, the Trustee's assertion that the court has no subject matter jurisdiction to entertain the appeal is rejected. Title 28 U.S.C. §158(a) provides this court with subject matter jurisdiction over three classes of bankruptcy orders. One of them is the class of interlocutory orders and decrees for which leave to appeal is granted. Fed. R. Bankr. Proc. 8003(c) clearly states the court must consider a timely notice of appeal to be a motion for such leave. If such leave is granted, the court would have jurisdiction over the appeal.

The entry of default, as distinct from default judgment, is not an order ordinarily subject to appeal. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. Proc. 55(a). Fed. R. Bankr. Proc. 7055 states simply, "Rule 55. F.R.C.P. applies in adversary proceedings." The Ninth Circuit has stated "The entry of default is not an appealable order. Accordingly, a party may not challenge the entry of default in the first instance in an appellate court; rather, a party must first file an appropriate motion in the court where the default was entered." Investors Thrift v. Tam Ly Lam, 192 F.3d 1309, 1311 (9th Cir. 1999), citations omitted. Simply put, the entry of default is not a final order, judgment, or decree within the definition of 28 U.S.C. §158(a). It does not involve increasing or decreasing the time for filing a Chapter 11 reorganization plan under 11 U.S.C. §1121. Treating the appeal as a motion for leave of court to challenge an interlocutory order, the court finds no grounds for granting such a motion. An appeal would not implicate a controlling issue of law on which there is substantial difference of opinion and appeal would neither materially advance litigation not preserve resources.

The same conclusion must be drawn regarding the other ground of appeal. The bankruptcy court's granting of the Trustee's request for additional time to comply with default

judgment procedures is an interlocutory order, not a final judgment, order, or decree. See <u>Lane v. Chapin</u>, 2006 U.S. Dist. LEXIS 34184, *4 (D. Neb. 2006) (order denying extension of time to respond to summary judgment motion not subject to appeal under 28 U.S.C. §158(a)(1)); cf. <u>Day v. Hemar Ins. Corp.</u>, 1993 U.S. Dist. LEXIS 9635,*2 (N.D. Cal. 1993) (order setting trial date termed interlocutory and not subject to appeal under 28 U.S.C. §158(a)).  The ruling does not deal with the time limits specified in 11 U.S.C. §1121.  Again, there is no grounds for granting leave of court to appeal an interlocutory order.  There are no issues of law for which there is substantial ground for difference of opinion; appeal would not materially advance the litigation; and denying leave will not result in wasted resources.

### IV. Order

Appellee's motion to dismiss the appeal is GRANTED.  Appellant does not have leave of court to appeal the interlocutory orders.

IT IS SO ORDERED.

**Dated:    March 26, 2008**                    **/s/ Anthony W. Ishii**
                                                                    UNITED STATES DISTRICT JUDGE